PHILIP M. MILLER (SBN 87877)
ANNE M. BEVINGTON (SBN 111320)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, California 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
pmiller@sjlawcorp.com
abevington@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOTIVE INDUSTRIES WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITOL EXPRESSWAY FORD,<br><br>Defendant. | Case No.: C 09-4945 JL<br><br>**PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT; [PROPOSED] ORDER**<br><br>Date: January 12, 2011<br>Time: 10:30 a.m.<br>Location: Courtroom F, 15th Floor<br>450 Golden Gate Ave., SF<br>Judge: Hon. James Larson |

Plaintiffs Board of Trustees of the Automotive Industries Welfare Fund, et al., file this Case Management Conference Statement. Because the defendant has not appeared in the action and is in default, Plaintiffs file this statement separately.

I. JURISDICTION AND SERVICE

This is an action by Trustees of multi-employer benefit plans to recover delinquent contributions from the Defendant employer that were required to be made by the employer's collective bargaining agreement with the Machinists Union. The Machinists Union is not a party to this case.

- 1 -
PLAINTIFFS' CASE MANAGEMENT
CONFERENCE STATEMENT; [PROPOSED] ORDER
CASE NO. C 09-04945 JL

1  This Court has jurisdiction over the subject matter of this action, pursuant to Section
2  301 of the Labor Management Relations Act (29 U.S.C. § 185(a)) and Section 502(e)(1) of the
3  Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1132(e)(1)).

4  The sole Defendant in this case, Capitol Expressway Ford, was served and defaulted,
5  default having been entered against it on November 20, 2010.

6  Venue is proper in the Northern District of California under Section 502(e)(2) of the
7  Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1132(e)(2)).

8  II. FACTS

9  Defendant Capital Expressway Ford was signatory to a collective bargaining
10 agreement, a Health and Welfare Agreement and a Pension Agreement with Machinists
11 Automotive Local 1101. Pursuant to these agreements, Defendant also became a party to the
12 Trust Agreement for each Trust Fund, and agreed to be bound by the provisions of the Trust
13 Agreements and by the rules and regulations adopted from time to time by the Trustees of the
14 Trust Funds. These agreements required Defendant to make fringe benefit contributions to the
15 Trust Funds for certain of its employees and provide that employers will pay interest and
16 liquidated damages on delinquent fringe benefit contributions, as well as court costs,
17 reasonable attorneys' fees, accountants' fees, and other costs incurred by the Trust Funds in
18 connection with an action to collect delinquent contributions.

19 The Plaintiff Trustees, as fiduciaries, have a duty to participants and beneficiaries to
20 collect amounts owing by employers. As part of their duties, the Trustees periodically conduct
21 audits of employers to determine whether contractually required contributions are being made.
22 The agreements between the parties provide that Defendant must permit audits and can be
23 required to reimburse the Trust Funds for the cost of an audit if the audit reveals that full and
24 prompt contributions were not made.

25 Plaintiffs conducted an audit of Defendant's records for the period November 1, 2005
26 through August 31, 2007. The Trust Funds' auditors issued their report on May 7, 2009,
27 finding delinquent contributions, interest, liquidated damages and auditors' testing fees owing,
28

- 2 -  
PLAINTIFFS' CASE MANAGEMENT  
CONFERENCE STATEMENT; [PROPOSED] ORDER  
CASE NO. C 09-04945 JL

P:\CLIENTS\AUTCL\CASES\CAPITOL EXPRESSWAY FORD\PLEADINGS\CMC STATEMENTS\CMC Statement 010411.doc

1 and also finding that Defendant had made some improper payments. This action is based on
2 that audit report. The amounts sought are set forth in Section XI, below.
3     Payment has been demanded, but the Defendant has not paid any of the amounts found
4 due under the 11/1/2005 – 8/31/2007 audit.

5 **III. LEGAL ISSUES**

6     Defendant is in default and, not having appeared, has not raised any legal issues.

7 **IV. MOTIONS**

8     Plaintiffs will file a Motion for Default Judgment.

9 **V. AMENDMENT OF PLEADINGS**

10     Plaintiffs do not anticipate amending their complaint.

11 **VI. EVIDENCE PRESERVATION**

12     Plaintiffs intend to maintain all of their available documents and information,
13 electronic and paper, regarding Defendant's account with the Trust Funds during the relevant
14 time period.

15 **VII. DISCLOSURES**

16     The parties have not exchanged initial disclosures due to defendant's default.

17 **VIII. DISCOVERY**

18     The parties have not exchanged initial disclosures due to Defendant's default.

19 **IX. RELATED CASES**

20     Plaintiffs are aware of no related cases.

21 **X. CLASS ACTION**

22     This is not a class action.

23 **XI. RELIEF**

24     Plaintiffs seek recovery under ERISA § 502(g)(2) (29 U.S.C. § 1132(g)(2)) of unpaid
25 delinquent contributions of $28,352.50, interest thereon at 10% simple interest per year to the
26 date of judgment (interest is $11,514.11 through January 4, 2011), liquidated damages in an
27 amount equal to interest, auditors' testing fees of $12,480.00, court costs and reasonable
28 attorneys' fees. The total amount of the claim based on the 11/1/2005 – 8/31/2007 audit as of

1  January 4, 2011, exclusive of court costs and attorneys' fees, is $63,860.72, less $21,346.50 in
2  refundable improper payments, for a total of $42,514.22 plus court costs and attorneys' fees.

## XII. SETTLEMENT AND ADR

Because Defendant has defaulted, there is no stipulation regarding ADR. Defendant has sent a letter appealing the audit to the Board of Trustees, which the Trustees are scheduled to consider at their upcoming quarterly meeting on February 6, 2010.

## XIII. CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiffs consent to a Magistrate Judge for all purposes.

## XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Plaintiffs have not yet identified any issues that could be narrowed by agreement or by motion.

## XVI. EXPEDITED SCHEDULE

Plaintiffs do not believe this case is suitable for an expedited schedule.

## XVII. SCHEDULING

Plaintiffs propose that the Court set a further Case Management Conference in approximately 90 days, by which time Plaintiffs should have filed their motion for default judgment or, if a settlement is reached, a dismissal.

## XVIII. TRIAL

No trial date should be set since Defendant is in default.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The participants and beneficiaries in the Automotive Industries Welfare Fund and the Automotive Industries Pension Fund, who are too numerous to list, but are or may be entitled to benefits from those Funds, are interested persons who could have a financial interest in the subject matter in controversy.

PLAINTIFFS' CASE MANAGEMENT
CONFERENCE STATEMENT; [PROPOSED] ORDER
CASE NO. C 09-04945 JL

P:\CLIENTS\AUTCL\CASES\CAPITOL EXPRESSWAY FORD\PLEADINGS\CMC STATEMENTS\CMC Statement 010411.doc

| | |
|---|---|
| 1 | XX. OTHER MATTERS |
| 2 | There are no other matters that the Plaintiffs wish to address. |
| 3 | |
| 4 | Date: January 4, 2011              SALTZMAN & JOHNSON LAW CORPORATION |
| 5 | |
| 6 | |
| 7 | By: _____/S/_____<br>Anne M. Bevington<br>Attorneys for Plaintiffs |

---

**ORDER**

The initial Case Management Conference having been held on January 12, 2011,

IT IS HEREBY ORDERED that a further Case Management Conference is set for April 6, 2011, at 10:00 a.m., in Courtroom F, 15th Floor, 450 Golden Gate Ave., San Francisco, California.

Dated: January 10, 2011.

_____
JAMES LARSON
United States Magistrate Judge
- 5 -

PLAINTIFFS' CASE MANAGEMENT
CONFERENCE STATEMENT; [PROPOSED] ORDER
CASE NO. C 09-04945 JL

P:\CLIENTS\AUTCL\CASES\CAPITOL EXPRESSWAY FORD\PLEADINGS\CMC STATEMENTS\CMC Statement 010411.doc

| | |
|---|---|
| 1 | PROOF OF SERVICE |
| 2 | I, the undersigned, declare that I am employed in the City and County of San Francisco, |
| 3 | California; I am over the age of eighteen (18) years and not a party to the within action; my |
| 4 | business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104. |
| 5 | |
| 6 | On January 4, 2011, I served the following document: |
| 7 | PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT; [PROPOSED] ORDER |
| 8 | |
| 9 | on the interested party(ies) in this action: |
| 10 | Sergio Madrigal |
| 11 | Agent for Service<br>Capital Expressway Ford |
| 12 | 919 West Capital Expressway<br>San Jose, CA 95136 |
| 13 | |
| 14 | by placing a true copy thereof enclosed in a sealed envelope addressed as above, with first-class |
| 15 | postage thereon fully prepaid, for mailing at San Francisco, California. I am readily familiar with |
| 16 | the business practice at my place of business for collection and processing of correspondence for |
| 17 | mailing with the United States Postal Service. Correspondence so collected and processed is |
| 18 | deposited with the United States Postal Service that same day in the ordinary course of business. |
| 19 | I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th |
| 20 | day of January, 2011, at San Francisco, California. |
| 21 | |
| 22 | |
| 23 | /S/<br>Julie Jellen |

- 6 -

PLAINTIFFS' CASE MANAGEMENT
CONFERENCE STATEMENT; [PROPOSED] ORDER
CASE NO. C 09-04945 JL

P:\CLIENTS\AUTCL\CASES\CAPITOL EXPRESSWAY FORD\PLEADINGS\CMC STATEMENTS\CMC Statement 010411.doc